AMERICAN SAMOA GOVERNMENT, Plaintiff

v.

JOHN GA'OPO'A, Defendant

High Court of American Samoa
Trial Division

CR No. 23-89

September 22, 1989

Before REES, Associate Justice, VAIVAO, Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Plaintiff, Jerry Williams, Assistant Attorney General
For Defendant, Togiola T.A. Tulafono

On Order to Show Cause:

On June 29, 1989, defendant was sentenced to serve two years in the Correctional Facility for the crime of Second Degree Assault. The sentence was suspended and defendant was placed on probation for five years. One of the conditions of his probation was that he actually serve six months in the Correctional Facility. The Court's order provided that during this six month period of detention the defendant was not to be released from the Facility except with Court approval or for emergency medical treatment.

On July 21, 1989, defendant requested the Court to modify its order to allow for "work release." The Court granted the requested modification subject to several conditions.

The conditions were carefully drawn to ensure that the "work release" would genuinely serve its stated purpose. The order allowed the Commissioner of Public Safety to release the defendant "only during such hours between 6:00 a.m. and 6:00 p.m. Monday through Friday as are necessary to allow defendant to work at his place of employment." The order further provided that defendant was "to go directly to work and to return directly to the Correctional Facility after work." He was "to remain at his employer's principal place of business throughout the day" and was "not to be employed in any capacity that would require him to leave his employer's principal place of business."

On August 31, 1989, defendant's Probation Officer met with him to discuss reports that he had been seen around the island at times and places not authorized by the Court's order. Defendant confirmed that he had been sometimes been released from the Correctional Facility on Saturdays. He said he could not remember whether he had been at the market one Saturday rather than at his place of employment. He also told the Probation Officer he would prefer to be on "home release" rather than "work release." The Probation Officer reminded him of the terms of the Court's order and told him any modification would have to be authorized by the Court.

Later that same day a call was placed from the Court to defendant's place of employment. The person who answered the phone

said that defendant was not working that day. An attempt was then made to reach the defendant at the Correctional Facility. Defendant was not there either; the Facility's records reflected that he had been released to go to work.

The Court then issued an order requiring defendant to show cause why he should not be held in contempt of Court for violating the terms of the work release order, and why his work release should not be revoked.

On September 5, 1989, a Tuesday, the Marshal of the High Court attempted to serve the Order to Show Cause on defendant at his place of employment. Defendant was not there. The Marshal located defendant at his residence in Malaeimi.

The order to show cause was heard on September 19, 1989. Defendant admitted being away from the facility on Saturdays. He further admitted that he frequently spent time at his home rather than at his place of employment, and that he and his wife had breakfast one Saturday at the market place and then socialized with several other inmates who were also on work release. His excuses were that there was frequently no work for him to do at his place of employment; and that he had read but not understood the Court's order requiring him to return directly to the Correctional Facility after work and not to spend time at any other place. He apologized and promised not to violate the order again.

Under the circumstances excuses and apologies are not enough. Defendant is an intelligent man. He graduated from high school in California and is fluent in the English language. The Court's order was carefully drafted with the specific purpose of making it impossible for anyone to interpret "work release" to mean "home release" or "brunch release." And yet this is how the defendant chose to interpret it. Moreover, on August 31 the order was explained to him again by his Probation Officer. He complained about the terms of the order and was told that it could not be changed except by the Court. And then he violated the order again that very day. Finally, contrary to defendant's testimony at the Order to Show Cause hearing, he violated the order at least once more on the following Tuesday when the Marshal found him at his residence.

110

The Court's order of August 2, 1989, allowing the release of the defendant for the purpose of employment, is hereby rescinded. During the remainder of his six-month period of detention the defendant is not to be released from the Facility without written permission of the Court except in case of medical emergency.

The Court further finds that defendant's wilful violation of the August 2 order constitutes contempt of court. Sentencing for this contempt will be deferred until the completion of defendant's period of detention. If he complies with the present order and with all other terms of his probation during the remaining period of detention, no additional sentence will be imposed.

It is so ordered.